UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHANE BOSHART,                                               :
                                                             :
                           Plaintiff,                        :   24 Civ. 6132 (LGS)
                                                             :
            -against-                                        :   ORDER
                                                             :
SPRINKLR, INC., et al.,                                      :
                                                             :
                           Defendants.                       :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    This action was originally commenced by Shane Boshart, on behalf of himself and all others similarly situated, against Defendants Sprinklr, Inc. ("Sprinklr") and certain of its officers, alleging violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and Rule 10b-5 promulgated under section 10(b), 17 C.F.R. § 240.10b-5. This order grants the unopposed motion of Anthony Marcheschi ("Marcheschi") for appointment as lead plaintiff and appointment of Pomerantz LLP ("Pomerantz") as lead counsel, pursuant to section 21D(a)(3)(B) of the Exchange Act, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the PSLRA.

I.    **DISCUSSION**

    A.    **Appointment of Lead Plaintiff**

    On August 13, 2024, statutory notice was published in a national wire service. On October 15, 2024, Todd Van Beurden and Anthony Marcheschi each filed timely motions for appointment as lead plaintiff and approval of lead counsel. On October 23, 2024, Van Beurden filed a notice of non-opposition to Marcheschi's motion, acknowledging that he appeared not to have the "largest financial interest in the relief sought by the class" as required by the PSLRA. Marcheschi then filed a notice stating that his motion was unopposed.

1. **Applicable Law**

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. Under the PSLRA, the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Once the presumption is established, it may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

2. **Presumptive Lead Plaintiff**

The PSLRA requires that a plaintiff who files a securities class action must publish, "in a widely circulated national business-oriented publication or wire service, a notice" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). In evaluating the appointment of a lead plaintiff under the PLSRA, "courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *City of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 Civ. 1769, 2023 WL 6458930, at *2 (S.D.N.Y. Oct. 4, 2023).[1] Here, statutory notice was timely published on August 13, 2024. Marcheschi timely filed his motion for appointment as lead plaintiff on October 15,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

2

2024.[2] As such, Marcheschi has satisfied the first requirement to become the presumptive lead plaintiff.

The second statutory requirement for the presumption is "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Marcheschi purchased over 10,245 shares of Sprinklr during the proposed class period and suffered approximately $33,846 in losses as a result of Defendants' alleged Exchange Act violations. The Court has not been advised of any other potential lead plaintiff with a larger financial interest, and Van Beurden -- who does not oppose Marcheschi's application -- has a smaller financial interest than Marcheschi. Marcheschi thus satisfies the second requirement.

Lastly, a potential lead plaintiff must make a preliminary showing that he otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(B)(3)(iii)(I)(cc). The Rule 23 requirements for class certification are generally referred to as numerosity, commonality, typicality and adequacy. *See Barrows v. Becerra*, 24 F.4th 116, 130 (2d Cir. 2022). Given the preliminary stage of the litigation when a lead plaintiff is appointed, a movant for lead plaintiff must show only that he meets the typicality and adequacy requirements. *See Li v. Spirit AeroSystems Holdings, Inc.*, 23 Civ. 3722, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023). A lead plaintiff's claims are typical when "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id*. An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to

---

[2] October 14, 2024, was a federal holiday and therefore the deadline to move for lead plaintiff status fell on October 15, 2024. *See Levy v. L. Offs. of J. Henry Nierman*, No. 17 Civ. 4022, 2024 WL 3813754, at *4 n.3 (S.D.N.Y. July 3, 2024) (taking judicial notice of a federal holiday and citing Fed. R. Ev. 201(b)), *report and recommendation adopted*, 2024 WL 4275569 (S.D.N.Y. Sept. 24, 2024); Fed. R. Civ. P. 6(a)(C) (stating that if a deadline falls on a weekend or federal holiday, "the period continues to run until the end of the next day that is not" a weekend or federal holiday, if the method for computing time is not otherwise prescribed by statute).

vigorously represent the interests of the class that he seeks to represent." *Id.* Both requirements are met by Marcheschi in this case. Like other members of the proposed class, Marcheschi claims that Defendants issued false and misleading statements that inflated the price of Sprinklr common stock resulting in losses to its investors. Nothing suggests that Marcheschi has any conflict of interest with the proposed class, is subject to a unique defense or suffers any other infirmity that would impair his ability to represent the class. Marcheschi therefore has satisfied the presumption that he is the most adequate lead plaintiff. No evidence or opposition has been offered to rebut that presumption. The only other timely movant for lead plaintiff status filed a notice of non-opposition to Marcheschi's motion. Marcheschi is appointed as lead plaintiff.

### B. Approval of Lead Counsel

The PSLRA states that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Court[s] generally defer[] to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." *City of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20 Civ. 9132, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *City of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7.

Marcheschi has selected Pomerantz as his counsel. Pomerantz has substantial experience in the prosecution of securities fraud class actions, having served as lead or co-lead counsel in many securities class actions. *See, e.g., Gru v. Axsome Therapeutics, Inc.*, No. 22 Civ. 3925, 2024 WL 230744, at *2 (S.D.N.Y. Jan. 22, 2024); *Turpel v. Canopy Growth Corp.*, No. 23 Civ. 4302, 2023 WL 8276633, at *10 (S.D.N.Y. Nov. 30, 2023). Pomerantz is appointed as lead counsel.

## II. CONCLUSION

For the foregoing reasons, Anthony Marcheschi is appointed as lead plaintiff, and Pomerantz is appointed as lead counsel. By **December 3, 2024**, Plaintiff shall file a letter (1) seeking leave to file an Amended Complaint and proposing a date by which to do so or (2) stating that he does not seek to do so.

The Clerk of Court is respectfully directed to (1) amend the caption to read "In re Sprinklr, Inc. Securities Litigation," (2) remove Shane Boshart as a party on the docket, (3) designate Marcheschi as a "Lead Plaintiff" on the docket and (4) close the motions at Dkts. 18 and 21.

Dated: November 22, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**